1  Tim L. Johnson CA Bar No. 265794
   tim.johnson@ogletree.com
2  Jonathan H. Liu CA Bar No. 280131
   jonathan.liu@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
4  4370 La Jolla Village Drive, Suite 990
   San Diego, CA  92122
5  Telephone:   858.652.3100
   Facsimile:    858.652.3101
6
   Stephen R. Woods (*Pro Hac Vice pending)*
7  stephen.woods@ogletree.com
   James R. Silvers (*Pro Hac Vice pending)*
8  james.silvers@ogletree.com
   The Ogletree Building
9  300 North Main Street, Suite 500
   Greenville, SC  29601
10 Telephone:   864.271.1300
   Facsimile:    864.235.8806
11
   Attorneys for Defendant Bottling Group,
12 LLC (erroneously sued and served as Pepsi
   Beverages Company)
13

14              **UNITED STATES DISTRICT COURT**

15              **SOUTHERN DISTRICT OF CALIFORNIA**

16

17 | ALTAREEK GRICE, on behalf of          | Case No.  **'17 CV1842 AJB  WVG**
   | himself and all others similarly      |
18 | situated,                             | **DEFENDANT'S NOTICE OF
   |                                       | REMOVAL OF CIVIL ACTION TO
19 |           Plaintiff,                  | FEDERAL COURT PURSUANT TO
   |                                       | 28 U.S.C. §§ 1331, 1441 AND 1446**
20 |       v.                              |
   |                                       | [*Filed concurrently with Civil Cover
21 | PEPSI BEVERAGES COMPANY,              | Sheet; Corporate Disclosure Statement;
   | and DOES 1 through 10,                | Declaration of Jonathan H. Liu*]
22 |                                       |
   |           Defendant.                  | Complaint Filed:    June 29, 2017
23 |                                       | Removal Date:

24

25

26

27

31176334_1.docx 28

                                                                    Case No.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Bottling Group, LLC (erroneously sued and served as Pepsi Beverages Company[1]) ("Defendant"), by and through undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California on the following grounds:

## I.   FACTUAL AND PROCEDURAL HISTORY

1.   On or about June 29, 2017, Plaintiff Altareek Grice ("Plaintiff") commenced this action against Defendant by filing an unverified Complaint (the "Complaint") in the Superior Court of the State of California for the County of San Diego action entitled *Altareek Grice, on behalf of himself and all others similarly situated, Plaintiff, v. Pepsi Beverages Company, and Does 1 through 10, Defendants*, and assigned Case No. 37-2017-00022150-CU-MC-CTL (the "Action").

2.   The Complaint asserts a single cause of action against Defendant under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*.

3.   On August 10, 2017, Defendant accepted service of the Complaint, pursuant to California Code of Civil Procedure section 415.30(c) by executing an acknowledgment of receipt and returning it to Plaintiff. (Declaration of Jonathan H. Liu ("Liu Decl."), ¶ 2.) True and correct copies of the Complaint and acknowledgment are attached to this Notice of Removal as **Exhibit 1**. Defendant has not been served with any pleadings, process, or orders besides those attached.

///

---

[1] Pepsi Beverages Company is not a legal entity. Plaintiff's employer, at all material times, was Bottling Group, LLC.

31176334_1.docx

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446

## II.   REMOVAL IS TIMELY

4.     A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

5.     Here, removal is timely because Defendant is filing this Notice of Removal within 30 days after it accepted service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1); (*See* Liu Decl., ¶ 2.)

6.     "State law determines when service of process is effectuated prior to removal." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2016 WL 6698952, at *2 (S.D. Cal. Nov. 15, 2016). Under California law, service by mail "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code of Civ. Proc. § 415.30(c).

7.     Defendant is the sole named defendant, and there are no other defendants who have been properly joined or served in this action as of the time Defendant is filing this Notice of Removal. Accordingly, all defendants in this action consent to the timely removal of the action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A)-(2)(B).

## III.   THIS ACTION IS REMOVABLE ON THE BASIS OF FEDERAL-QUESTION JURISDICTION

8.     This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, in that it arises under the laws of the United States.

///

///

31176334_1.docx

Case No.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446

1    9.    In the Complaint, Plaintiff only asserts a single cause of action under

2  the FCRA. In asserting a claim against Defendant for violations of the FCRA, the

3  Complaint itself presents questions of federal law. *Caterpillar Inc. v. Williams*, 482

4  U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is

5  governed by the 'well-pleaded complaint rule,' which provides that federal

6  jurisdiction exists only when a federal question is presented on the face of the

7  plaintiff's properly pleaded complaint.").

8    **IV.    DEFENDANT HAS SATISFIED THE REMAINING REMOVAL**

9        **REQUIREMENTS**

10    10.    In accordance with 28 U.S.C. § 1441(a), this notice of removal is filed

11  in the district court of the United States in which the action is pending. The

12  Superior Court of California, County of San Diego is located within the Southern

13  District of California. 28 U.S.C. § 84(d). Therefore, removal to this Court is proper

14  because it is the "district and division embracing the place where such action is

15  pending." 28 U.S.C. § 1441(a).

16    11.    In accordance with 28 U.S.C. § 1446(a), copies of all process,

17  pleadings, orders, and other papers received by Defendant are attached as **Exhibit**

18  **1**.

19    12.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly

20  give written notice to Plaintiff of the filing of this Notice of Removal, and will file

21  a copy of the Notice with the clerk of the Superior Court of the State of California,

22  County of San Diego.

23    13.    In accordance with Federal Rule of Civil Procedure 7.1, Defendant

24  concurrently files its Corporate Disclosure Statement.

25  ///

26  ///

27  ///

28  ///

31176334_1.docx

Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C.
§§ 1331, 1441 AND 1446

1    In the event this Court has any question regarding the propriety of this

2 Notice of Removal, Defendant respectfully requests that the Court issue an Order

3 to Show Cause so that Defendant may have an opportunity to more fully brief the

4 basis for this removal and address the Court's questions or concerns.

5

6 DATED:  September 22, 2017          OGLETREE, DEAKINS, NASH,
                                      SMOAK & STEWART, P.C.

7

8

9                                     By:  /s/ Jonathan H. Liu
                                           Tim L. Johnson
10                                         Jonathan H. Liu
                                           Stephen R. Woods
11                                         James R. Silvers
                                           Attorneys for Defendant Bottling
12                                         Group, LLC (erroneously sued and
                                           served as Pepsi Beverages
13                                         Company)

14                                                        31176334.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31176334_1.docx

Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C.
§§ 1331, 1441 AND 1446