# EXHIBIT 1

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:  (818) 883-4900
Fax:        (818) 883-4902
Email:      peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:  (213) 599-8255
Fax:        (213) 402-3949
Email:      lonnieblanchard@gmail.com

Attorneys for Plaintiff Altareek Grice

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| Altareek Grice, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>Pepsi Beverages Company, and Does 1 through 10,<br><br>　　　Defendants. | Case No.<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial** |

　　　Plaintiff Altareek Grice ("Plaintiff") alleges:

1. This class action alleges that certain policies and practices followed by Defendants in procuring or causing to be procured consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without first making the requisite disclosures and obtaining the requisite consent.

**Complaint**

1

2. Altareek Grice ("Plaintiff") is a "consumer" protected by the FCRA.

3. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

4. Defendant Pepsi Beverages Company ("Pepsi") is a business entity doing business in San Diego County, California and is a "person" as defined by the FCRA.

5. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

6. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

**First Cause of Action**
**Violation of 15 U.S.C. Section 1681b(b)(2)**
**(Against All Defendants)**

7. Plaintiff realleges all of the preceding paragraphs.

8. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living

**Complaint**
2

which is used or expected to be used for. . . (B) employment purposes."

9. Pepsi, as standard practice, routinely procures or causes to be procured "consumer reports" from consumer reporting agencies about consumers for employment purposes.

10. 15 U.S.C. Section 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> (1) Certification from user
>
> A consumer reporting agency may furnish a consumer report for employment purposes only if --
>
> (A) the person who obtains such report from the agency certifies to the agency that--
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
>
> (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and
>
> (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.
>
> (2) Disclosure to consumer
>
> (A) In general
>
> Except as provided in subparagraph (B), ***a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer***, unless--
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . . (Emphasis added.)

**Complaint**

3

11. In or about August of 2016, Plaintiff applied for a job with Pepsi. As part of the application process, Pepsi procured or caused to be procured a consumer report regarding Plaintiff from Carco Group, Inc.

12. Pepsi violated Section 1681b(b)(2) by procuring or causing to be procured a consumer report for employment purposes regarding Plaintiff and other class members without making the required disclosure "in a document that consists solely of the disclosure."

13. Pepsi knew or should have known about its legal obligations under the FCRA. Pepsi obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these obligations. Pepsi either knew or recklessly failed to know the disclosure requirements of Section 1681b(b)(2) and that its acts in procuring or causing to be procured a consumer report regarding Plaintiff and other class members without providing the required disclosure to them was facially contrary to the express language of Section 1681b(b)(2) and all administrative guidance available and violated the law. Despite knowing of these legal obligations, Pepsi intentionally and/or recklessly acted consciously in breaching its known duties and depriving Plaintiff and other Class members their rights under the FCRA.

14. As a result of these FCRA violations, Pepsi is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

**CLASS ACTION ALLEGATIONS**

15. Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

**Complaint**
4

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Pepsi Beverages Company or any of its related companies procured or caused to be procured a consumer report for employment purposes on or after two years prior to the filing of the complaint to the date of the judgment entered herein without first providing a clear and conspicuous disclosure in writing to the consumer at any time before the report was procured or caused to be procured, in a document that consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

16. **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

17. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendants violated Section 1681b(b) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i).

    b. Whether Defendants' violations were willful.

18. **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

19. **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

20. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available

methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA class and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;
2. For statutory damages;
3. For punitive damages;
4. For attorney's fees and costs;
5. For interest as provided by law;
6. For such other and further relief as the Court deems proper.

Dated: June 19, 2017           THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Altareek Grice

**Complaint**
6

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lonnie C. Blanchard III, Esq. - 93530<br>Blanchard Law Group, APC<br>3311 East Pico Boulevard<br>Los Angeles, CA 90023<br>TELEPHONE NO.: (213) 599-8255  FAX NO. (Optional): (213) 402-3949<br>E-MAIL ADDRESS (Optional): lonnieblanchard@gmail.com<br>ATTORNEY FOR (Name): Plaintiff Altareek Grice | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Altareek Grice

DEFENDANT/RESPONDENT: Pepsi Beverages Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2017-00022150-CU-MC |
|---|---|

TO (insert name of party being served): Pepsi Beverages Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 26, 2017

Lonnie C. Blanchard III, Attorney for Plaintiff
(TYPE OR PRINT NAME)

▶ _[signature]_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other (specify):

(To be completed by recipient):

Date this form is signed: 8/10/17

Stephen R. Woods, Attorney for Defendant
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _Stephen R. Woods_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov